UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Civil Case No. |
| ) | |
| v. ) | |
| ) | |
| LAWN DART PARTS, LLC, ) | |
| and STEVE KING, an individual, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR PERMANENT INJUNCTION**

The United States of America, Plaintiff, by and through its undersigned counsel, and on behalf of the Consumer Product Safety Commission, respectfully represents as follows:

**INTRODUCTION**

1.   This statutory injunction proceeding is brought under the Consumer Product Safety Act ("CPSA"), 15 U.S.C. §§ 2051, et seq., the Federal Hazardous Substances Act ("FHSA"), 15 U.S.C. §§ 1261 et seq., and the equitable authority of this Court, to enjoin and restrain Lawn Dart Parts, LLC, ("LDP"), and Steve King, (hereafter collectively, "Defendants"), from violating: 15 U.S.C. § 2068(a)(1) of the CPSA by selling, offering for sale, manufacturing for sale, distributing in commerce, or importing into the United States a consumer product, or other product or substance that is regulated under the CPSA or any other Act enforced by the Commission, that is not in conformity with an applicable consumer product safety rule under the CPSA, or any similar rule, regulation, standard or ban under any other Act enforced by the Commission; from violating 15 U.S.C. § 2068(a)(2)(D) by selling offering for sale , manufacturing for sale, distributing in commerce, or importing into the United States any

consumer product or other product or substance that is a banned hazardous substance within the meaning of section 2(q)(1) of the Federal Hazardous Substances Act ("FHSA"), 15 U.S.C. § 1261(q)(1); and from violating 15 U.S.C. § 1263(a) and (c) of the FHSA by introducing or delivering for introduction into interstate commerce, or receiving in interstate commerce, a banned hazardous substance.   Lawn darts are a banned hazardous product pursuant to section 8 of the CPSA, 15 U.S.C. § 2057, and the Commission's regulation at 16 C.F.R. Part 1306.  In addition, lawn darts are also banned hazardous substances under section 2(q)(1)(A) of the FHSA, 15 U.S.C. § 1261(q)(1)(A) and 16 C.F.R. Part 1500.18(a)(4), as they are toys or other articles intended for use by children that are classified as a banned hazardous substance because they present a mechanical hazard and an unreasonable risk of injury to children.  Accordingly, Defendants' sale, offer for sale, manufacture for sale, distribution in commerce, or importation into the United States of lawn darts violate sections 19(a)(1) and (a)(2)(D)  of the CPSA, as well as sections 4(a) and (c ) of the FHSA, since lawn darts are banned under the CPSA and FHSA.

## THE PARTIES

2. Plaintiff United States of America brings this action on behalf of the Consumer Product Safety Commission, an independent, federal regulatory agency with jurisdiction over consumer products.

3. Lawn Dart Parts, LLC, formerly known as Jart Parts, LLC, is a limited liability company organized under and existing under the laws of Missouri.  Its principal place of business is located at 941 Creekview Ct., Pevely, Missouri, 63070.  In addition, upon information and belief, LDP also conducts business at the address of 148 Ezekiel Ct., Hillsboro, Missouri, 63050.  LDP does business using the following websites of the internet:

www.lawndartparts.com, www.tossinggames.com, www.stevenking.biz, and www.missourimarketplace.net/jartparts.  In addition, LDP uses the following email addresses to conduct business: lawndartparts@yahoo.com, "TossingGames@yahoo.com," and "JartParts@yahoo.com."

4. Steve King is the owner and registered agent of Lawn Dart Parts, LLC, and, as such, is the individual responsible for the acts and practices of LDP, including its compliance with the requirements of the CPSA and FHSA, and the regulations issued thereunder.  At all times relevant to this Complaint, Steve King knew of, and had authority to control, the acts and practices of LDP.

5. Defendants sell lawn darts from various locations in Missouri, including: P.O. Box 465, Pevely, Missouri 63070; 941 Creekview Ct., Pevely, Missouri, 63070; P.O. Box 543, Hillsboro, Missouri 63050; and 148 Ezekiel Ct., Hillsboro, Missouri 64050.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 2071, 15 U.S.C. § 1267, and 28 U.S.C. §§ 1331, 1337, and 1345.

7. Venue in this district is proper under 28 U.S.C. § 1391(b).

## STATUTORY FRAMEWORK

**A. THE CONSUMER PRODUCT SAFETY ACT**

8. The Consumer Product Safety Commission is authorized to enforce the CPSA, 15 U.S.C. §§ 2051, et seq., and the regulations promulgated thereunder.

9. In addition, the Commission is authorized to enforce the FHSA and the regulations promulgated thereunder, 15 U.S.C. §§ 1261, et seq.  See 15 U.S.C. § 2079.

10. One of the purposes of the CPSA is to protect the public against unreasonable risk of injury from consumer products. See 15 U.S.C. § 2051(b).

11. The CPSA makes it unlawful for a person to sell, offer for sale, manufacture for sale, distribute in commerce, or import into the United States any consumer product, or other product or substance that is regulated under the CPSA or any other Act enforced by the Commission, that does not comply with an applicable consumer product safety rule under the CPSA, or any similar rule, regulation, standard, or ban under any other Act enforced by the Commission. See 15 U.S.C. § 2068(a)(1).

12. Lawn Darts are banned hazardous products under section 8 of the CPSA and the Commission's regulations at 16 C.F.R. Part 1306.

13. The CPSA makes it unlawful to sell, offer for sale, manufacture for sale, distribute in commerce, or import into the United States any consumer product, or other product or substance that is a banned hazardous substance within the meaning of section 2(q)(1) of the FHSA, 15 U.S.C. § 1261(q)(1). See 15 U.S.C. § 2068(a)(2)(D).

14. The FHSA also makes it unlawful to introduce or deliver for introduction into interstate commerce, or receive in interstate commerce, a banned hazardous substance. See 15 U.S.C. § 1263(a) and (c).

15. Lawn darts are toys or other articles intended for use by children that have been declared by rule as a banned hazardous substance because they present a mechanical hazard and an unreasonable risk of injury to children in normal use, or when subject to reasonably foreseeable damage and abuse, the design or manufacture presents an unreasonable risk of personal injury or illness. See 15 U.S.C. 1261(q)(1). See also 16 C.F.R. Part 1500.18(a)(4).

**B.     THE BAN ON THE SALE OF LAWN DARTS**

16.    "Lawn Darts" are a consumer product because they are an "article, or component part thereof, produced or distributed (i) for sale to a consumer for use in or around a permanent or temporary household or residence, a school, in recreation, or otherwise, or (ii) for the personal use, consumption or enjoyment of a consumer in or around a permanent or temporary household or residence, a school, in recreation, or otherwise." See 15 U.S.C. § 2052(a)(5).

17.    Lawn darts, as referenced in paragraph 1(a) above, "are devices with elongated tips that are intended to be used outdoors and that are designed so that when they are thrown into the air they will contact the ground tip first." 16 C.F.R. Part 1306.4(c).  There have been numerous injuries ranging from lacerations and bruises to severe brain damage, as well as three known deaths of children associated with the use of lawn darts.  See 16 C.F.R. Part 1306.4(b).

18.    Lawn darts, as referenced in paragraph 1(b) above, are banned as "toys, or other articles intended for use by children" which have been declared by rule as a banned hazardous substance because they present a mechanical hazard and an unreasonable risk of injury to children in normal use, or when subject to reasonably foreseeable damage and abuse, the design or manufacture presents an unreasonable risk of personal injury or illness.  See 15 U.S.C. § 1261(q)(1).  See also 16 C.F.R. Part 1500.18(a)(4).

19.    At the same time, the CPSC, amended the rule banning lawn darts which had originally been promulgated in 1970 pursuant to sections 2(f)(1)(D) and 2(s) of the FHSA. 15 U.S.C. §§ 1261(f)(1)(D) and (s).  Pursuant to section 2(q)(1)(A), the CPSC removed an exemption that had existed for lawn darts that were labeled as intended to be used exclusively by adults, among other restrictions such as labeling and marketing in stores. See 59 Federal

Register 46,828 (November 18, 1988).

20. At the same time, the CPSC, amended the rule banning lawn darts which had originally been promulgated in 1970 pursuant to section 2(s) of the FHSA. Pursuant to section 2(q)(1)(A), the CPSC removed an exemption that had existed for lawn darts that were labeled as intended to be used exclusively by adults, among other things. The rule became effective on December 19, 1988, and applies to all lawn darts in the chain of distribution on or after that date.

## FACTS

**A.  2009 CONTROLLED PURCHASE OF LAWN DARTS FROM DEFENDANTS**

21. In or about February 2009, a CPSC investigator ("investigator") visited the websites www.lawndartparts.com and www.tossinggames.com, which advertise the sale of lawn darts, and observed that the sites offered for sale numerous types of lawn dart sets.

22. On or about March 5, 2009, the investigator, posing as a customer, contacted Defendants via the email address JartParts@yahoo.com regarding purchase of a set of lawn darts, identified as "Winter Sale #7."

23. On or about March 6, 2009, the investigator was contacted via email by "Steve," who stated Winter Sale #7 was available and that the investigator could pay for the lawn darts set via PayPal, an internet billing and payment system.

24. On or about March 6, 2009, the investigator received a "PayPal request" advising that "Steve King (TossingGames@yahoo.com) would like to be paid through PayPal." The amount of the payment request was $100.00.

25. On or about March 6, 2009, the investigator purchased "Winter Sale #7 (Regent Lawn Darts)" for $100.00 from Defendants via a PayPal account attributed to

TossingGames@yahoo.com.

26. On or about March 6, 2009, "Steve King" confirmed that he would ship the lawn darts to the investigator via the United States Postal Service on March 7, 2009.

27. On or about March 20, 2009, the investigator received in the State of Michigan the package of lawn darts purchased from Defendants.  This package had been delivered from Lawn Dart Parts, LLC, P.O. Box 465, in Pevely, Missouri.  The package included four lawn darts, four plastic rings and six plastic fins. The items were packaged in what appeared to be original product packaging and stated "Regent Jarts . . . An Outdoor Skill Game for Adults."

**B.** **2010 CONTROLLED PURCHASE OF LAWN DARTS FROM DEFENDANTS**

28. On or about October 2, 2010, the investigator, posing as a customer, contacted LawnDartParts@yahoo.com to purchase an additional set of lawn darts.

29. On or about October 2, 2010, "Steve" from Lawn Dart Parts, LLC, using the email address lawndartparts@yahoo.com, contacted the investigator via email to offer for sale a different sets of lawn darts Defendants had in stock.

30. On or about October 5, 2010, the investigator purchased a set of lawn darts for $218.00 from Lawn Dart Parts, LLC, via PayPal.

31. On or about October 5, 2010, Steve King from Lawn Dart Parts, LLC, contacted the investigator via email to advise that the purchased lawn darts would be shipped via United States Postal Service on October 6, 2010.

32. On or about November 15, 2010, the investigator went to the UPS Store located at Wyandotte, Michigan and accepted a package that had been delivered from "Lawn Dart Parts,

LLC, www.LawnDartParts.com, P.O. Box 543, Hillsboro, MO 63050." The package included four metal shafts, two plastic red fins, two plastic blue fins, and two plastic yellow rings. Also delivered is what appears to be original product packaging stating "Jarts Missle Game. The Most Exciting Outdoor Game Today. Jarts Company, Fort Edward, New York." Finally, the package included a business card for the web site "www.TossingGames.com" with the name "Mr. Steve King, Owner and Webmaster" printed on it.

### FIRST CLAIM FOR RELIEF: DEFENDANTS SELL LAWN DARTS THAT ARE BANNED BY THE CPSA

33. Plaintiff repeats each and every allegation contained in numbered paragraphs 1-32 of this Complaint as if fully set forth herein.

34. Under the CPSA, lawn darts are a banned hazardous product. See 16 C.F.R. Part 1306.3.

35. Since at least 2009, Defendants have sold, offered for sale, manufactured for sale, distributed into commerce, or imported into the United States lawn darts in violation of the CPSA, 15 U.S.C. § 2068(a)(1), as identified and set forth above in paragraphs 21-32.

36. As a result of the foregoing, Defendants' conduct should be enjoined pursuant to 15 U.S.C. § 2071(a)(1) and 15 U.S.C. § 2068(a)(1).

### SECOND CLAIM FOR RELIEF: DEFENDANTS SELL LAWN DARTS THAT ARE BANNED BY THE FHSA

37. Plaintiff repeats each and every allegation contained in numbered paragraphs 1-32 of this Complaint as if fully set forth herein.

38. Under section 2(q)(1)(A) of the FHSA and regulations issued thereunder, lawn darts are a banned hazardous substance. See 15 U.S.C. § 1261(q)(1)(A). See also 16 C.F.R. Part

1500.18(a)(4).

39.     Since at least 2009, Defendants have sold, offered for sale, manufactured for sale, distributed into commerce, or imported into the United States lawn darts in violation of the CPSA, 15 U.S.C. § 2068(a)(2(d)), within the meaning of 15 U.S.C. § 1261(q)(1) of the FHSA, and as identified and set forth above in paragraphs 21-32.

40.     Since at least 2009, Defendants have introduced or delivered for introduction into interstate commerce, or received in interstate commerce, lawn darts in violation of the FHSA, 15 U.S.C. § 1263(a) and (c), and as identified and set forth above in paragraphs 21-32.

41.     As a result of the foregoing, Defendants' conduct should be enjoined pursuant to 15 U.S.C. § 2071(a)(1) and 15 U.S.C. § 2068(a)(2)(D), and 15 U.S.C. § 1267(a) and 15 U.S.C. 1263(a) and (c).

## RELIEF REQUESTED

**WHEREFORE**, the United States respectfully requests:

I.      Entry of an injunction, pursuant to 15 U.S.C. § 2071(a)(1), enjoining Defendants, and each and all of their directors, officers, agents, employees, attorneys, successors, assigns, and all persons or entities in active concert or participation with any of them, from directly or indirectly selling, offering for sale, manufacturing for sale, distributing in commerce, or importing into the United States lawn darts in violation of 15 U.S.C. § 2068(a)(1), which are banned pursuant to 15 U.S.C. 2057 and 16 C.F.R. Part 1306;

II.     Entry of an injunction, pursuant to 15 U.S.C. § 2071(a)(1), enjoining Defendants, and each and all of their directors, officers, agents, employees, attorneys, successors, assigns, and all persons or entities in active concert or participation with any of them,

from directly or indirectly selling, offering for sale, manufacturing for sale, distributing in commerce, or importing into the United States lawn darts in violation of 15 U.S.C. § 2068(a)(2)(D), which are banned pursuant to 15 U.S.C. § 1261(q)(1) and 16 C.F.R. Part 1500.18(a)(4);

      III.    Entry of an injunction, pursuant to 15 U.S.C. § 1267(a), enjoining Defendants, and each and all of their directors, officers, agents, employees, attorneys, successors, assigns, and all persons or entities in active concert or participation with any of them, from introducing or delivering for introduction into interstate commerce, or receiving in interstate commerce, lawn darts in violation of 15 U.S.C. § 1263(a) and (c), which are banned pursuant to 15 U.S.C. § 1261(q)(1) and 16 C.F.R. Part 1500.18(a)(4).

      IV.    Authorize the Commission, pursuant to this injunction, to inspect Defendants' places of business and all records relating to the sale, offering for sale, manufacturing for sale, distributing in commerce, or importing into the United States any lawn darts to ensure compliance with the terms of the injunction, with the costs of such inspections borne by Defendants at the rates prevailing at the time the inspections are conducted; and

      V.    Grant the United States judgment for its costs and such other and further relief as it deems necessary and proper.

Dated this 15th day of March 2011.

                    Respectfully submitted,

                    RICHARD G. CALLAHAN
                    United States Attorney

By:   /s/ ANDREW LAY
                    ANDREW LAY #28542
                    Assistant United States Attorney
                    Eastern District of Missouri
                    Thomas Eagleton U.S. Courthouse
                    111 S. 10th Street, 20th Floor
                    St. Louis, MO 63102
                    (314) 539-2200
                    Andrew.Lay@usdoj.gov

                    DAVID SULLIVAN
                    MATTHEW EBERT
                    Trial Attorneys
                    Office of Consumer Litigation
                    U.S. Department of Justice
                    450 Fifth Street, N.W.
                    Sixth Floor South
                    Washington, D.C.  20001
                    (202) 514-0516
                    david.sullivan2@usdoj.gov
                    matthew.ebert@usdoj.gov

OF COUNSEL

CHERYL A. FALVEY
General Counsel

MELISSA V. HAMPSHIRE
Assistant General Counsel

PATRICIA KENNEDY VIEIRA
Attorney
Office of the General Counsel
U.S. Consumer Product Safety Commission
Bethesda, Maryland  20814
(301) 504-7587